IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                         No. 4:19-cr-514-DPM

DONALD BILL SMITH and
SAMUEL SHERMAN                                              DEFENDANTS

ORDER

1. As requested, the United States provided the Court with Smith's statements in an *in camera* submission and three supplements. Doc. 98. So that the record is complete, the Court directs the United States to file those papers *ex parte* and under seal. Sherman's lawyers have informally asked the Court to release Smith's statements. If counsel has authority for that release, then the Court would welcome it at the pretrial. At this point, however, Sherman's request appears akin to one for early disclosure of *Jencks* material because Smith's statements would all be offered through other witnesses. 18 U.S.C. § 3500; *United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984).

2. Sherman's and Smith's motions to sever their trials, Doc. 88 & 91, are denied. First, there is no prejudicial joinder. This appears to be a typical conspiracy case—not that "rare case" where alleged co-conspirators must be tried separately to avoid prejudice. *United States v. Spotted Elk*, 548 F.3d 641, 657–58 (8th Cir. 2008); *United States v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002). It's clear from the parties'

papers that there will be disagreement about the admissibility of certain evidence and statements. Those disputes, though, aren't grounds for a severance. Instead, as in most cases, they can be taken up before and during trial; and the risks posed by a joint trial can be mitigated by the Court's instructions. *Frazier*, 280 F.3d at 844. Further, while the Confrontation Clause doesn't apply to non-testimonial statements, *United States v. Dale*, 614 F.3d 942, 954–56 (8th Cir. 2010), the Court will nonetheless consider whether statements not made in furtherance of the conspiracy should be redacted to avoid confusing the jury and impairing the jury's ability to compartmentalize the evidence against each Defendant.

Second, the issue of antagonistic defenses is too tenuous to warrant severance. Conflicting defenses require severance "only when there is a danger that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." *United States v. Anderson*, 783 F.3d 727, 743 (8th Cir. 2015) (quotation omitted). "It is not sufficient that one defendant be taking the position that he knew nothing of the crime while asserting that his codefendant was involved." *United States v. Lynch*, 800 F.2d 765, 768 (8th Cir. 1986). At this point, the risk of irreconcilable defenses remains too speculative to warrant severance.

3. Sherman's motion to exclude evidence or to sever counts, *Doc. 96*, is denied as moot. The Superseding Indictment eliminates the overlap between Count 3 and Sherman's 2013 conviction. *Doc. 103 at 2*. And while the threat of new charges in 2016 is intrinsic to this case, the

United States no longer intends to offer evidence that Sherman was actually charged in 2016 and convicted in 2018 of a drug trafficking conspiracy. *Doc. 107 at 4*. The Court notes, however, Sherman's warning shot about the potential for lurking double jeopardy issues. *Doc. 113*.

**4.** The Court construes Smith's response, *Doc. 122*, as a motion to exclude the United States' proposed Rule 404(b) evidence against him. The United States intends to introduce evidence that Smith pleaded guilty to aggravated assault with a deadly weapon in 2007. It argues that this evidence is relevant to prove Smith's "intent to carry a firearm when confronting the CS and opportunity and plan to harm the CS and cause her death." *Doc. 90 at 10*.

The Court disagrees with the United States' opportunity and plan theories. Under this Rule of Evidence, "opportunity" is best understood in terms of one's mental capacity or physical ability to commit a crime; and "plan" is aimed at "proving the charged crime by showing it formed part of a larger plan that included the uncharged crime." WRIGHT AND GRAHAM, 22B FEDERAL PRACTICE AND PROCEDURE §5249 at 200-02 & § 5252 at 264 (2017). Smith's alleged conduct in 2007 serves neither purpose.

The United States is correct, however, that this evidence is relevant to intent—that is, to proving that Smith knowingly carried a firearm rather than doing so mistakenly or inadvertently. *United States v. Green-Bowman*, 816 F.3d 958, 963 (8th Cir. 2016). That issue is narrow,

though. And while Smith's not guilty plea puts every element of each offense at issue, it seems unlikely that knowledge of the firearm will be a point of serious contention. The probative value of the evidence is therefore minimal. By contrast, the potential unfair prejudice is significant. Even with a proper limiting instruction, the jury will be tempted to conclude that because Smith violently confronted a woman with a gun in the past, he likely did so here. The motion to exclude this prior bad act evidence is therefore granted. If, however, Smith puts knowledge of the firearm or intent to carry it more squarely at issue, then the Court will reconsider its ruling.

5. The Court will take up the remaining motions at the pretrial conference this afternoon.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

1 September 2021